UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GALIQUOGI' DINAH DEAS CADOCHE,

Plaintiff,

v.

BANK OF NEW YORK MELLON, *et al.*,

Defendants.

Civil Action No. 18-1699 (JEB)

**MEMORANDUM OPINION**

*Pro se* Plaintiff Galiquogi' Dinah Deas Cadoche filed an initial 124-page Complaint against 42 Defendants, ranging from the "Bank of New York Mellon" to judicial officers to courts, clerks, and lawyers, some of whom are identified by only a first name or a title. See ECF No. 1. Although rather opaque, the thrust appeared to relate to "Environmental and Systematic Racism, Trespass and Human Rights Violation-Degradation, rooted in the abolishment of Plaintiff's Aborigine Lands and Property Titles." Id. at 6. In a Minute Order, the Court required Cadoche to comply with Fed. R. Civ. P. 8(a)(1) and file an Amended Complaint that did not exceed 40 pages. See Minute Order of Nov. 7, 2018. She did so on November 28, 2018, see ECF No. 12, although this pleading, while much shorter, is as muddled as the last.

The Amended Complaint declares it is an "Amended Alien Tort Claim." Id. at 3 (footnote omitted). Cadoche claims to be "an enrolled tribal member of the GVHNAGE AMA UWEYV tribe," id. at 4, and asserts that Defendants' efforts "to extinguish aboriginal title is systematic discrimination and resulting from acts of environmental racism." Id. at 6. The best the Court can discern is that she is unhappy about some property being taken, but it is entirely unclear who did what and when.

1

In any event, service has not been properly accomplished. The Court issued a previous Minute Order requiring Plaintiff, under Rule 4(m), to file proof of service on each Defendant by February 7, 2019, or risk dismissal without prejudice. See Minute Order of Jan. 24, 2019. In her affidavits filed on February 8, she includes for each Defendant a proof that says simply, "Mailed to known address." See ECF No. 17. For a few Defendants, she lists an address, but for the vast majority, there is no way for the Court to know where the materials were sent. Yet even if she had actually procured the mailing of a summons to each Defendant's actual address, that still would not constitute sufficient service under Rules 4(e)(1) for individuals, 4(h)(1) for entities, and 4(j)(2) for state or local governments. As to individuals, this is the case because mere mailing to individuals is insufficient in both D.C. and New York. See D.C. Super. Ct. R. 4(e)(2); N.Y. C.P.L.R. 307, 308.

The Court, accordingly, will issue a contemporaneous Order dismissing the case without prejudice under Rule 4(m).

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 12, 2019